IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF TWO CELLULAR TELEPHONES:<br><br>BLUE CRICKET FLIP PHONE, AND<br><br>BLACK APPLE IPHONE<br><br>WHICH ARE CURRENTLY LOCATED AT THE VIRGINIA STATE POLICE BUREAU OF INVESTIGATIONS OFFICE LOCATED IN ROANOKE, VIRGINIA | Case No.  7:22mj2 |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION
### UNDER RULE 41 FOR A SEARCH AND SEIZURE WARRANT

I, Padraic Hierholzer, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of certain electronic devices, more fully described below, which are currently in law enforcement possession, and the extraction from these devices of electronically stored information described more fully herein and in Attachment B.

2. I have been employed as a Law Enforcement Officer since 2000. I am a Task Force Officer with the Drug Enforcement Administration ("DEA"), and have been since 2021. I am also a Vice Investigator with the Montgomery County Sheriff's Office (Virginia) and have been so employed since 2020. I am currently assigned to investigate drug trafficking organizations as a member of the DEA, Washington Field Division/Roanoke Resident Office. My duties as a Law Enforcement Officer involve the investigation of various criminal activities

of narcotics traffickers and their associates, including their money laundering operations. In investigating these matters, I have acted as a case agent, an undercover agent, and a contact agent for confidential sources. These investigations have resulted in the issuance of search warrants, seizure warrants, indictments, and convictions of persons for narcotics violations. During my employment as a Law Enforcement Officer, I have received multiple hours of training in narcotics enforcement, money laundering techniques, and investigative techniques, and I have personally participated in numerous investigations of sophisticated drug trafficking organizations. I also have closely assisted with a Title III investigation during surveillance operations and within the wire room. Through my training and experience, I am familiar with the actions, habits, traits, methods, and terminology utilized by the traffickers and abusers of controlled dangerous substances.

3. I know that narcotic traffickers often utilize cellular telephones to further their drug trafficking and money laundering activities.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that Michael Luis CONTRERAS is engaged in a conspiracy to violate federal drug laws, specifically: possession with intent to distribute or distribution of controlled substances, in violation of 21 U.S.C. § 841(a); and conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. There is also probable cause to

search the information described in Attachment A for evidence of these crimes further described in Attachment B.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

6. The property to be searched, collectively referred to as "the Devices," is as follows:

   a) A Cricket Flip Phone blue in color. This device is currently located at the Virginia State Police Bureau of Investigations Office in Roanoke Virginia

   b) An Apple I-Phone black in color. This device is currently located at the Virginia State Police Bureau of Investigations Office in Roanoke Virginia.

7. The applied-for warrant would authorize the forensic examination of the Devices for the purpose of identifying electronically stored data particularly described in Attachment B.

## STATEMENT OF PROBABLE CAUSE

8. On December 10, 2021, members of the Virginia State Police (VSP) Counterterrorism and Criminal Interdiction Unit (CCI) conducted a traffic stop on Interstate 81 Northbound at mile marker 259.9 within the Western District of Virginia (WDVA). The vehicle, a white 2019 Dodge 2500 pickup (Maryland temporary tag T0033109) was stopped for traffic violations (Speeding 81/70, Expired Registration 12/2020, Defective Equipment Cracked Windshield, Window Tint 04%).

9. Michael Luis CONTRERAS was seated in the passenger seat of the 2019 Dodge 2500 pickup when it was stopped by VSP on Interstate 81. Monica Michelle ALVARADO was the operator of the 2019 Dodge 2500 pickup when it was stopped by VSP on Interstate 81. ALVARADO is the co-owner of the 2019 Dodge 2500 pickup along with CONTRERAS

10. During the traffic stop, Virginia State Police (hereafter referred to as VSP) spoke with both ALVARADO and CONTRERAS separately. VSP received conflicting information from ALVARADO and CONTRERAS about how long the two had been traveling, and where the two had been traveling from.

11. VSP arranged for a narcotic detection canine to respond to the scene of the traffic stop. VSP attempted to utilize a narcotic canine around the 2019 Dodge 2500 pickup. During the attempt, CONTRERAS, who was seated in the passenger seat of the pickup, began honking the horn in what appeared to be an attempt to distract the narcotic canine. Due to the presence of CONTRERAS' three dogs inside the pickup, and the distraction caused by the honking of the horn by CONTRERAS, VSP terminated the use of the narcotic canine.

12. VSP elected to give the driver, ALVARADO, a warning for the traffic violations and returned her license to her. VSP then asked ALVARADO for consent to search her and CONTRERAS' 2019 Dodge 2500 pickup, and consent was given by ALVARADO. During the search of the pickup, VSP observed a cell phone which had a global positioning system (GPS) routing application running with a destination of 118 West 38th Street, Baltimore, Maryland. While checking the exterior of the pickup, VSP let down the tailgate at the rear of the pickup and noticed that it was abnormally heavy. VSP observed that the tailgate's access panel (to access the locking mechanism and cavity located in the interior of the tailgate) appeared to have recently been removed based on the tooling marks observed on the screws holding the panel secured to the tailgate. Also observed during the search was the tool and bit, used to remove the screws, which were located inside the cab of the pickup under the rear seat.

13. Upon further inspection of the tailgate utilizing a flashlight shown through the factory machined holes located on either side of the gate, red cellophaned packages could be observed inside the cavity of the tailgate. VSP removed the access panel utilizing the tool and bit located under the rear seat of the pickup. Twelve red packages, four black packages and one silver package, all of which weighed approximately 1 kilogram each, were removed from the cavity of the tailgate. Three packages (one red, one black and one silver) were tested via field test kit and utilizing a Thermo Scientific TruNarc. All three tested positive for cocaine HCL.

14. CONTRERAS took full ownership of the suspected cocaine and advised that ALVARADO had little to no part in the trafficking of the suspected cocaine.

15. In CONTRERAS's possession during the incident were two cellular phones, a blue Cricket Flip Phone and a black Apple I-Phone. In an attempt to cooperate, the two cellular phones were willingly handed over to VSP by CONTRERAS. Statements made by CONTRERAS during the incident implicate both cellular phones described in this Affidavit as being used in the trafficking of the 17 kilograms seized from his vehicle. CONTRERAS stated that he had been communicating with the person he was to deliver the 17 kilos of cocaine to via the Black I-Phone. During the duration of his detainment by authorities and on 12/12/2021 CONTRERAS, as witnessed by authorities, used the black I-Phone and the blue Cricket phone to both receive and place calls to the person CONTRERAS was to deliver the 17 kilos of cocaine to. The cellular devices were taken as evidence into VSP custody at the scene of the traffic stop and are currently located at the VSP Bureau of Criminal Investigations Office located in Roanoke, Virginia.

16. Based on the information provided in this affidavit, probable cause exists to believe that Michael Luis CONTRERAS, and others, are engaged in a conspiracy to violate

federal drug laws, specifically: possession with intent to distribute or distribution of controlled substances, in violation of 21 U.S.C. § 841(a); and conspiracy to possess with intent to distribute or distribute controlled substances in violation of 21 U.S.C. § 846.

17. Furthermore, probable cause exists to believe that Michael Luis CONTRERAS did utilize cellular telephones to further the drug distribution activities of a drug trafficking organization. As stated by CONTRERAS (refer to Paragraph 15) these aforementioned cell phones (blue Cricket Flip Phone and a black I-Phone) were both used to facilitate the trafficking of a controlled substance on 12/12/2021.

18. The aforementioned cellular phone devices are currently stored in a secured vault at the VSP Bureau of Investigations Office in Roanoke, Virginia. I know from training and experience that drug distributors often use cellular phones to arrange drug deals by using the calling feature, text message feature, or a communication-based application. An analysis of call patterns can identify other drug dealers. Photographs or videos found on cellular telephones often show contraband, or locations where contraband may be found. Contact numbers stored in cellular telephone(s) may identify other drug distributors or associates. I know from training and experience that persons who distribute illegal narcotics often use multiple phones to hide evidence of their crimes from law enforcement and often subscribe them in fictitious names. All told, significant evidence of criminal activity can be found within cellular telephones found in the possession of a drug dealer.

19. Based on my training, experience, and research, I know that the Devices have capabilities that allow them to serve as a wireless telephone, phone book, digital camera, digital recorder, GPS Navigation, portable media player, and PDA (personal digital assistant). In my

training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

20. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.

21. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review

team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

22. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it contains evidence described by the warrant.

23. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

24. I submit that this affidavit supports probable cause for a search warrant

authorizing the examination of the Devices described in Attachment A, in order to seek the items described in Attachment B.

Respectfully submitted,

_____
Padraic J. Hierholzer
Task Force Officer
Drug Enforcement Administration

Received by reliable electronic means and sworn and attested to by phone on January 13, 2022.

~~Subscribed and sworn to before me on January 12, 2022.~~

_____
Honorable ~~Robert S. Ballou~~ Joel C. Hoppe
United States Magistrate Judge